**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | **Criminal No. 25-cr-141 (TNM)** |
| | : | |
| **CRISTIAN MONTECINO-SANZANA,** | : | |
| | : | |
| **Defendant.** | : | |
| | : | |
| | : | |

## DEFENDANT'S PLEA STATEMENT IN SUPPORT OF JUDICIAL REMOVAL

CRISTIAN MONTECINO-SANZANA, defendant in the above-captioned criminal proceeding, hereby states as follows:

1.      My true and correct name is Cristian Montecino-Sanzana.

2.      I received a Notice of Intent to Request Judicial Removal ("Notice"), dated February 24, 2026. I am the person identified in that document. I hereby waive my right, pursuant to Section 238[(d)](c)(2)(A) of the Immigration and Nationality Act of 1952, as amended ("INA"), 8 U.S.C. § 1228[(d)](c)(2)(A), to have the Notice served upon me prior to the commencement of the trial or entry of a guilty plea in this case.

3.      I received the Factual Allegations in Support of Judicial Removal ("Allegations"), dated February 24, 2026. I hereby waive my right, pursuant to Section 238[(d)](c)(2)(B) of the INA, 8 U.S.C. § 1228[(d)](c)(2)(B), to have the allegations served 30 days prior to sentencing.

4.      My rights in a judicial removal proceeding have been fully explained to me by my attorney, Carmen Hernandez, Esq., After consultation with counsel and understanding the legal consequences of doing so, I knowingly and voluntarily waive the right to the notice and hearing provided for in Section 238[(d)](c)(2) of the INA, 8 U.S.C. § 1228[(d)](c)(2), and further waive any and all rights to appeal, reopen, reconsider, or otherwise challenge this order. I understand the

rights I would possess in a contested administrative proceeding and I waive these rights, including my right to examine the evidence against me, present evidence on my own behalf, and cross-examine witnesses presented by the United States. I understand these rights and waive further explanation by the Court.

5.     I hereby admit that all of the factual allegations set forth in the Allegations are true and correct as written.

6.     I hereby concede that I am removable from the United States pursuant to INA §§ 212(a)(6)(A)(i)(as an alien present in the United States without being admitted or paroled), and 212(a)(2)(A)(i)(I)( as an alien who has been convicted of a crime involving moral turpitude (other than a purely political offense) or an attempt or conspiracy to commit such a crime).

7.     I hereby waive any and all rights I may have to any and all forms of relief or protection from removal, deportation, or exclusion under the INA, as amended, and related federal regulations. These rights include, but are not limited to, the ability to apply for the following forms of relief or protection from removal: asylum; withholding of removal under Section 241(b)(3) of the INA, 8 U.S.C. § 1231(b)(3); any protection from removal pursuant to Article 3 of the United Nations Convention Against Torture, including withholding or deferral of removal under 8 C.F.R. §§ 208.16-17 and 1208.16-17, cancellation of removal; adjustment of status; registry; *de novo* review of a denial or revocation of temporary protected status (current or future); waivers under Sections 212(h) and 212(i) of the INA, 8 U.S.C. §§ 1182(h), 1182(i); visa petitions; consular processing; voluntary departure or any other possible relief or protection from removal available under the Constitution, laws or treaty obligations of the United States.

8.     I agree to the entry of a stipulated judicial order of removal pursuant to Section 238[(d)](c)(5) of the INA, 8 U.S.C. § 1228[(d)](c)(5). I acknowledge that I have not been

persecuted in, and have no present fear of persecution in Chile, the country of my nativity and citizenship. I further acknowledge that I have not been tortured in, and have no present fear of torture in Chile, the country of my nativity and citizenship.

9.    I consent to the introduction of this statement as an exhibit in the record of these judicial removal proceedings. I further agree to make the judicial order of removal a public document, waiving my privacy rights, including any privacy rights that might exist under 8 C.F.R. § 208.6.

10.    I agree to assist U.S. Immigration and Customs Enforcement ("ICE") in the execution of my removal. Specifically, I agree to assist ICE in the procurement of any travel, identity, or any other documents necessary for my removal; to meet with and to cooperate with representatives of any country to which I may by statute be removed if ICE so requests; and to execute any forms, applications, or waivers needed to execute or expedite my removal. I further understand that my failure or refusal to assist ICE in the execution of my removal may subject me to criminal penalties under Section 243 of the INA, 8 U.S.C. § 1253.

11.    I concede that the entry of this judicial order of removal renders me permanently inadmissible to the United States. I agree that I will not enter, attempt to enter, or transit through the United States without first seeking and obtaining permission to do so from the Secretary of the Department of Homeland Security or other designated representative of the U.S. government.

12.    I will accept a written order issued by this Court for my removal from the United States to Chile, and I waive any and all rights to challenge any provision of this agreement in any U.S. or foreign court or tribunal.

3 - 13 - 26

Date

3 - 13 - 26

Date

Defendant's Signature

Attorney for the Defendant